SMITH'S EXECUTOR *vs.* MILLER.

At common law, *presumption of payment* does not attach to a judgment, although there be no evidence of partial payments or of acknowledgment of indebtedness within 20 years.

Now by statute the presumption of payment will attach to judgments, i. e. to all judgments rendered previous to 3d April, 1821; the presumption will attach, after 20 years from the passage of the act, viz. 3d April, 1821, and to all judgments thereafter rendered after 20 years from the docketing thereof. The statute on this subject is *prospective*, and not *retrospective*.

A CASE agreed upon by the parties, setting forth the following facts, was brought on to argument. The plaintiff commenced his suit in January, 1833, and declared in *debt* upon a judgment rendered in this court in the term of August, 1805, in favor of his testator against the defendant for $1,652,80 of debt, and $13,68 costs. The defendant pleaded 1. *Nil debet;* 2. *Nul tiel record;* and 3. *Payment.* The plaintiff took issue upon the first and second pleas, which concluded to the country, and to the third *replied*, denying payment. It was admitted that the judgment was duly rendered as set forth in the declaration; and that the defendant has at all times since the rendition of the judgment been possessed of property, within this state, both real and personal, and has at all times been able to pay the above judgment. The defendant insists that the judgment has been paid and satisfied, and relies on the presumption arising from lapse of time as evidence of payment, until something be shown on the part of the plaintiff to repel such presumption. The plaintiff denies that the doctrine of presumption of payment is applicable to a judgment. If the court shall be of opinion that the plaintiff is entitled to recover, judgment is to be entered in his favor as upon a verdict for debt, and damages to be computed by one of the clerks of this court; if otherwise, judgment of non-suit to be entered.

*D. Buel, jun.* for plaintiff. On 3d April, 1821, a statute was passed that *presumption of payment* should apply to all judgments then rendered or thereafter to be rendered, i. e to judgments *then rendered* after 20 years from the passage of the

act, and to judgments *thereafter to be rendered* after 20 years from the docketing thereof, in the same manner as such presumption applies to sealed instruments. *Stat. of* 1821, *p.* 246, § 4. This provision is incorporated into the revised statutes. 2 *R. S.* 301, § 46, 47. This introduced a new principle into the law of this state, and the operation of it must necessarily be *prospective.* 7 *Johns. R.* 477. 8 *Wend.* 661. 10 *id.* 363. 12 *id.* 490. Mere lapse of time does not of itself form a bar even in respect to sealed instruments; it only raises a presumption which may be rebutted by circumstances. 10 *Johns. R.* 414. 16 *id.* 214. The presumption here is repelled by the fact that the plaintiff is an executor, and may be presumed ignorant of the existence of the judgment until suit brought.

ALBANY,
October, 1835.

Smith's Ex'r
v.
Miller.

*J. A. Spencer,* for defendant. The terms of the revised statutes are sufficiently broad to embrace this case. But independent of the statute, the presumption of payment should attach to this judgment. After a lapse of 20 years, a debt due by specialty is presumed to be paid, and the reason in support of the presumption applies with as much force to judgments as to specialties. A judgment will not be permitted to be entered on a bond and warrant after 20 years. In *Flower* v. *Bolingbroke,* 1 *Strange,* 638, where a judgment had been obtained, but not entered, the court refused leave to enter the judgment, holding that the presumption was that the debt was satisfied. So in *Willaume* v. *Gorges,* 1 *Campb.* 217, Lord Ellenborough directed a jury to presume a judgment paid, there being no proof of payments within 20 years. *Matthews on Presumptive Evidence, p.* 358, 375 *and* 379, includes judgments within the doctrine of presumption of payment; and in *Connecticut* it has been holden that the non-payment of a judgment for 20 years raises the presumption of payment. 5 *Conn. R.* 1. The presumption in this case is not repelled by the suit being prosecuted by an executor; it is not shown when the testator died, and for aught appearing, he may have lived more than 20 years after the entry of the judgment.

*S. Stevens,* in reply. The very statutes subjecting judgments to the presumption of payment applied to specialties, is

conclusive evidence that it was conceded the presumption did not attach at common law. Not a case is to be found in England, where it was held that the presumption attached to a judgment. The case cited from *Campbell's Rep.* must have been under a special order from chancery, as the facts shown on the trial were sufficient to repel the presumption of payment even of a specialty. Besides, the judgment there was a mere incident to an annuity-bond, and the law applicable to the bond, probably controlled the judgment. So the case in *Strange* was like an application to enter judgment on a bond and warrant, and was governed by the law applicable to such cases. The case in *Connecticut* stands alone, and it is worthy of remark that the distinction between *specialties* and *judgments*, as to the application of the doctrine of presumptions, is not adverted to by either counsel or court.

*By the Court,* SUTHERLAND, J. The provision in the act of April 3d, 1821, that the presumption of payment shall apply to *judgments,* after a lapse of 20 years, has always been considered as introducing a new principle into the law of this state. Previously to that time, such presumption had been indulged only in relation to *sealed instruments,* in analogy to the statutes of limitation which apply only to simple contracts. In *Clark* v. *Hopkins,* 7 *Johns. R.* 556, the court refused to permit a judgment to be entered upon a bond and warrant of attorney, after a lapse of 18 years, upon the usual affidavit that the bond was duly executed and still remained due. They there refer to the leading English cases, which decide that after 18 or 20 years, a *bond* will be presumed to have been paid; and they hold it incumbent on the plaintiff to show a demand of payment and an acknowledgment of the debt within that time to rebut this presumption. In *Bailey* v. *Jackson,* 16 *Johns. R.* 210, the principle was held to be applicable to a case in which an action of *covenant* had been brought *for rent;* and in *Jackson* v. *Pierce,* 10 *Johns. R.* 414, it was held to be applicable to a *mortgage debt* which had lain dormant for 20 years, the mortgagor remaining in possession. *Vide also Jackson* v. *Wood,* 12 *Johns. R.* 242. There is no subsequent case in this court, in which the principle has been extended, or which

ALBANY,
October, 1835.

Smith's Ex'r
v.
Miller.

contains an intimation that it is applicable to judgments of courts of record. The leading English cases are all of the same character. 6 *Mod.* 22. 1 *Burr.* 434. 4 *id.* 1963. 1 *T. R.* 270. *Cowp.* 109, 214.

In *Howe* v. *Bolingbroke*, 1 *Str.* 639, the court refused to permit a judgment to be entered up, or the record to be filed *nunc pro tunc* after a lapse of 20 years; the court observing that the presumption was that the *debt* was satisfied. This is a very bald case. The circumstances are not stated. The application was addressed to the discretion of the court. It is like the case of a bond and warrant of attorney. There was no judgment to presume satisfied; it was the *debt* on which the plaintiff asked for leave to enter up judgment that was there presumed to have been paid. The case of *Willaume* v. *Gorges*, 1 *Campb.* 217, was an issue out of chancery to try whether there was any thing due upon a judgment entered up to secure the payment of an *annuity*. Nothing had been paid within 20 years, and Lord Ellenborough directed the jury to presume that the judgment had been paid off or released. The judgment probably was collateral security only for the annuity which might have been created originally by bond. If so, the principle was undoubtedly properly applied, and the case does not go beyond the previous authorities. *Hulke* v. *Pickering*, 2 *Barn. & Cres.* 555; 9 *Com. Law R.* 177, *S. C.*, was the ordinary case of an application for leave to enter up judgment on bond and warrant of attorney, more than 20 years old, and it was held that the plaintiff must state some facts to rebut the presumption of payment from lapse of time. *Boardman* v. *Deforest*, 5 *Conn. R.* 1, is the only case cited by counsel in which presumption of payment from lapse of time has been clearly and directly applied to a judgment. No authorities are there referred to, and it is certainly against the professional opinion in England and in this state, and so far as appears from the reports, in the other states in the union. We have adopted it by statute, and must apply it to the cases to which the statute refers. But this case is not within the statute of 1821. The presumption will not attach to judgments anterior to that statute until 20 years from its passage. The provision of the revised statutes, 2 *R. S.* 301, § 46, is but a

revision of the act of 1821, and does not go behind that act in its operation. It was not intended to be retrospective. *Matthews on Presumptive Evidence*, 375, states the rule more broadly than the cases referred to by him will warrant.

Judgment for plaintiff.